Argued and submitted January 11, reversed and remanded March 30, reconsideration denied May 13, petition for review denied July 19, 1983 (295 Or 446)

**HAINES,**
*Appellant,*
*v.*
**PELLET,**
*Respondent.*

(20-703; CA A23952)

660 P2d 1074

Charles J. Wiseman, Portland, argued the cause and filed the brief for appellant.

Carrell F. Bradley, Hillsboro, argued the cause for respondent. On the brief was William H. Stockton, Hillsboro.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this personal injury case, plaintiff appeals from a trial court order granting defendant's motion for summary judgment. Because genuine issues of fact remain with respect to some of the allegations in plaintiff's complaint, we reverse and remand.

On the night of October 14, 1979, plaintiff, defendant and defendant's wife were in defendant's wife's car on their way to a pool hall. Defendant was driving. After stopping the car at an intersection, defendant accelerated, turned left, and promptly spun into a ditch. Plaintiff brought this lawsuit for general and special damages arising out of injuries that he received in the accident.

Paragraph IV of plaintiff's complaint alleged that defendant had been negligent in four particulars:

"(1)  In operating the vehicle at an unreasonable rate of speed under the circumstances then and there existing;

"(2)  In failing to maintain a proper lookout;

"(3)  In failing to maintain control of the vehicle in order to stop, slow, swerve or otherwise avoid the accident;

"(4)  In applying the brakes improperly so as to cause the vehicle to skid and roll out of control."

Defendant's answer denied everything except plaintiff's allegations that he had been a passenger in defendant's car "on or about October 14, 1979," and that an accident had occurred in which plaintiff had been injured.

During a deposition taken after he had filed his complaint, plaintiff testified that, immediately before the accident, a "phantom vehicle"—a "truck or 4-wheel drive"—had approached from the opposite direction, crossed the center line and forced defendant's car off the road. Plaintiff also stated that defendant had not been driving at an "inordinate or unusual speed." Defendant's deposition was taken next, and defendant then admitted for the first time that there had been no phantom vehicle. Shortly thereafter, defendant's attorney moved for summary judgment on the ground that plaintiff's deposition negated the allegations of negligence in his complaint, thereby removing all genuine issues of fact from the case. In opposition to the motion, plaintiff filed an affidavit

stating that his deposition account of the accident was false, that there had been no phantom vehicle, that he gave the false account to help his friend, defendant, avoid insurance premium increases and other consequences that might otherwise have resulted from the accident, and that defendant's poor driving was the true cause of the accident.[1] Despite plaintiff's affidavit, the trial court granted defendant's motion. This appeal followed.

Plaintiff contends that the trial court's ruling was improper because the pleadings, depositions and affidavits on file raise genuine issues of fact. The trial judge articulated two related reasons for his decision. First, he said that his ruling was based on public policy grounds: he refused to allow plaintiff to submit evidence inconsistent with his deposition testimony, in order to deter plaintiff and future litigants from lying in their depositions. Second, he said that he could find a question of fact only if he "disbelieved" plaintiff's deposition. For the policy reasons just discussed, he refused to disbelieve the deposition and granted the motion for summary judgment.

We share the trial court's concern for the integrity of litigants' depositions and other sworn statements. However, neither of the trial court's reasons justifies a summary judgment under the facts of this case.

■ ■ The public policy considerations that influenced the trial judge have prompted the adoption of the rule articulated in *Morey, Administratrix v. Redifer et al*, 204 Or 194, 214, 264 P2d 418, 282 P2d 1062 (1955):

> "* * * When a party to an action or suit stipulates or testifies deliberately to a concrete fact * * * as a considered circumstance of the case, his adversary is entitled to hold him to it as a judicial admission. If no mistake is claimed or shown, the party so stipulating or testifying to a concrete fact cannot have the benefit of other evidence tending to falsify it." (Citations omitted.)

---

[1] Plaintiff's affidavit described the "true" account of the accident as follows:

"* * * [P]rior to the accident, * * * defendant and I had consumed a quantity of beer and we were enroute to a pool hall * * *. * * * [W]hen the defendant stopped at a stop sign on a paved road, he accelerated rapidly at a high rate of speed causing his car to spin out of control resulting in the accident where I was injured. * * * [T]here never was an oncoming vehicle. * * *"

*See also Bockman v. Mitchell Bros. Truck Lines,* 213 Or 88, 97-98, 320 P2d 266 (1958). Under the *Morey* rule, plaintiff is bound by his factual deposition testimony that (1) another vehicle crossed the center line and forced defendant's vehicle from the road and (2) defendant was not driving at an "inordinate or unusual" speed given the road conditions at the time of the accident. However, accepting those statements as true disposes of only one allegation of negligence, *i.e.,* that defendant was "operating his vehicle at an unreasonable rate of speed * * *." Plaintiff's other three allegations are not contradicted by binding deposition testimony. Even if another vehicle had crossed into defendant's lane and even if defendant had been driving at a reasonable speed, his failure to see the vehicle in time and the actions he took in response to its approach may still have been negligent.[2] These factual questions remained after the deposition. Policy concerns and the *Morey* rule therefore do not justify summary judgment on plaintiff's claim for negligence. At most, the trial court should have stricken the first specification of negligence.

■ The trial court's second reason likewise does not support a summary judgment. Plaintiff's deposition did not address itself specifically to the issues raised by allegations (2), (3) and (4) of paragraph IV of plaintiff's complaint in a manner which would permit them to be resolved on summary judgment. Accordingly, summary judgment should not have been granted.

Reversed and remanded for trial on allegations (2), (3) and (4) of paragraph IV of the complaint.

---

[2] At plaintiff's deposition, defendant's attorney asked him what he thought defendant "should have done to avoid the accident." Plaintiff replied, "I don't know." Defendant cites this part of the deposition in support of an argument that "plaintiff didn't know of anything defendant could have done to avoid the accident." Plaintiff's answer was not a complete exoneration of defendant; it did not negate the other allegations of negligence.